**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES BRANCH and JENNIFER
BRANCH

    Plaintiffs,

v.                                           Case No. 3:19-cv-1039-J-32JBT

FEDERAL INSURANCE
COMPANY,

    Defendant.

## **O R D E R**

This case is before the Court on Plaintiffs James and Jennifer Branch's Motion for Remand. (Doc. 11). Defendant Federal Insurance Company responded in opposition. (Doc. 15). Plaintiffs argue that this case should be remanded because Federal has failed to demonstrate that the amount in controversy exceeds $75,000.

Plaintiffs filed a one count complaint in state court alleging breach of contract for Federal's failure to pay insurance benefits for damage sustained to Plaintiffs' property. (Doc. 3 ¶¶ 4–10). The complaint does not demand a specific amount, but states that damages exceed $15,000—the state circuit court jurisdictional threshold—and that "[p]ursuant to Chapter 627.428, Florida

Statutes, Plaintiffs are entitled to recover attorneys' fees." Id. ¶¶ 1, 13. Federal attached to its Notice of Removal, (Doc. 1), an estimate by Gold Star Adjusters itemizing $89,111.26 of repair costs for the damage to Plaintiffs' property, (Doc. 1-2 at 10). Additionally, Gold Star Adjusters sent a demand letter to Federal seeking $79,111.26, which represents the repair cost minus Plaintiffs' deductible. (Doc. 15-1). Plaintiffs do not contest that the parties are diverse, but argue that Gold Star Adjusters's demand letter was puffing and posturing, and that Federal has not proven that the amount in controversy exceeds $75,000. (Doc. 1 at 3–4).

For a federal court to have diversity jurisdiction, the parties must have complete diversity and the amount in controversy must exceed $75,000. 28 U.S.C § 1332(a). "Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish the venue's jurisdictional requirements." Lowery v. Ala. Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007). "Where, as here, the complaint does 'not allege [ ] a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.'" Thompson v. Columbia Sussex Corp., No. 2:16-CV-435-FTM-29CM, 2016 WL 6134868, at *3 (M.D. Fla. Oct. 21, 2016) (citing S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014)). "The evidentiary value of a settlement offer in establishing the amount in controversy depends on the

2

circumstances of the offer." Lutins v. State Farm Mut. Auto. Ins. Co., No. 3:10-CV-817-J-99MCR, 2010 WL 6790537, at *2 (M.D. Fla. Nov. 4, 2010). A settlement offer with detailed information supporting a plaintiff's claim for damages should be given more weight than a settlement offer that is mere puffery and posturing. Id. Further, although the general rule excludes attorneys' fees in determining the amount in controversy, they can be included when authorized by statute or contract. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 n.4 (11th Cir. 2003).

Here, Federal has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. Gold Star Adjusters's demand letter and repair cost estimate provided detailed information that substantiates an amount in controversy of at least $79,111.26. See Lutins, 2010 WL 6790537, at *2; (Docs. 1-2, 15-1). Further, if Plaintiffs succeed on their claim, they would be entitled to attorneys' fees under Florida Statute § 627.428. See McKinnon Motors, 329 F.3d at 808 n.4; Houston Specialty Ins. Co. v. Vaughn, 772 F. App'x 838, 839 (11th Cir. 2019) (affirming district court's award of attorneys' fees under § 627.428).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for Remand (Doc. 11) is **DENIED**.

2. The Case Management and Scheduling Order (Doc. 16) continues to govern this case.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of November, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies to:

Counsel of record